# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO: 5:03-CV-192-TBR

**PAT OSBORN**                                                                 **PLAINTIFF**

**v.**

**BARRY HALEY, individually**                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Supreme Court's remand.[1] In that opinion, the Supreme Court stated that a court must conduct a factual inquiry to determine whether a defendant was acting within the scope of his employment, as required for a substitution by the Westfall Act, rather than looking to the pleadings.

The parties have completed the briefs of the issue. Plaintiff offers evidence of temporal proximity. Defendants offers affidavits of Luber and Haley and argue that Plaintiff has not met her burden of proof. Plaintiff replies offering a brief which she asserts is her own affidavit and some arguably hearsay statements of others.

It's clear to the Court that a hearing is necessary. In that hearing, the witnesses can testify under oath and be subject to cross examination. Hopefully, Kuenzli, Luber and Plaintiff would be present. Also, it would be best if Plaintiff had present the various employees that Plaintiff asserts overheard or observed relevant statements or conduct, so as to avoid hearsay issues.

It is ordered that a telephonic conference is set for **MARCH 29, 2011 at 8:30 am CST**, at which times the court shall set a hearing date convenient for the parties. The Court will place the call to the parties.

---

[1] *Osborn v. Haley*, 549 U.S. 225 (2007).

Additionally, the motion for an advisory jury (DN 78) is DENIED.

IT IS SO ORDERED.