UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO: 5:03-CV-192-TBR

PAT OSBORN                                                                                           PLAINTIFF

v.

UNITED STATES                                                                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed a motion for reconsideration (DN 109). Defendant has filed a response (DN 110). Plaintiff has filed a reply (DN 112). For the reasons that follow, the motion for reconsideration is DENIED.

**STANDARD**

While the Federal Rules of Civil Procedure do not expressly recognize a 'motion for reconsideration,' those motions filed within ten days are generally treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). *Cockrel v. Shelby County School Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001)(citing 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[7] (3d ed.2000)); *see also Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990) ("Motions for reconsideration of a judgment are construed as motions to alter or amend the judgment").

A court may grant a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). This remedy "is an extraordinary [one] and should be used sparingly." *In re J & M Salupo Development Co.*, 388 B.R. 795, 800-01 (6th Cir. 2008). A Rule 59(e) motion does not provide plaintiffs another opportunity to argue the merits of their

case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

**DISCUSSION**

Plaintiff has essentially asked this Court to reevaluate the evidence presented during the substitution hearing. As the standard makes clear, such a reevaluation is only appropriate if it would "prevent manifest injustice."

Plaintiff first asks this Court to add extra weight to the fact that Mr. Kuenzli testified that Haley was "contentious, belligerent and uppity." However, if Plaintiff is to be believed, that is Haley's normal demeanor and not indicative of his intention to have her fired following the conversation. Similarly, his willingness to testify as to the facts he knows cannot be considered evidence in favor of either party.[1]

The remainder of Plaintiff's arguments generally take issue with the credibility of Ms. Luber and Mr. Lisowsky, two witnesses at the hearing.[2] This Court evaluated the testimony and made credibility determinations when reaching the outcome of the original opinion, and a reevaluation is not appropriate at this time.

**CONCLUSION**

---

[1] It should also be noted that in an e-mail submitted by Plaintiff, Mr. Kuenzli declined to testify if he did not have approval from his employer. DN 91, Exhibit 1, pg. 3.

[2] Plaintiff takes issue with the characterization of Mr. Lisowsky as "the highest ranking Forest Service member in the Land Between the Lakes area." However, such was included only to convey the factual background and relevancy of his testimony, not to imply that his testimony was more important as a result of his rank.

Because Plaintiff has failed to demonstrate a manifest injustice or meet one of the requirements of Rule 59(e), the motion for reconsideration is DENIED.